**David P.R. Symes**, OSB No. 96135
DSymes@perkinscoie.com
**PERKINS COIE** LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

FILED'08 JUN 23 15:03 USDC-ORP

Attorney for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

|  |  |
|---|---|
| **MARGO McCOY** and **JODI WHITTON**, a/k/a **JOANNE WHITTON**, individually, | CV'08 — 758 AA<br>No._____ |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | By Defendants |
| **PRIMARY RESIDENTIAL MORTGAGE**, a foreign corporation registered to do business in Oregon also doing business as **PRIMARY RESIDENTIAL MTG, INC.**, and **SCOTT M. ROBERTS**, individually, | Pursuant to 18 U.S.C. § 1446 |
| Defendants. |  |

TO:    The Judges and the Clerk of the United States District Court for the District of Oregon.

Defendants Primary Residential Mortgage ("PRM") and Scott M. Roberts ("Roberts")

(collectively, "Defendants") hereby give notice, pursuant to 28 U.S.C. § 1446, that this action is

removed to this Court from the Circuit Court of the State of Oregon for the County of

Multnomah. Defendants further state:

On or about May 21, 2007, Margo McCoy and Jodi Whitton ("Plaintiffs") filed a

Complaint against Defendants in the Circuit Court of the State of Oregon for the County of

Multnomah (the "State Action"). The State Action has been assigned case number 0805-07453.

Service of Plaintiffs' Summons and Complaint was effected on Primary Residential Mortgage on

1- NOTICE OF REMOVAL

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

68559-0001/LEGAL14391071.1

*21511*

May 30, 2008 and on Roberts on or about June 12, 2008. Copies of the Summons and Complaint served on PRM and Roberts are attached as Exhibit A and B, respectively. This notice is filed within thirty (30) days of Defendants' receipt of the Complaint, as required by 28 U.S.C. § 1446(b).

1.    <u>Jurisdiction</u>. This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), and is one that Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    <u>Diversity of Citizenship</u>. Complete diversity of citizenship exists because of the following:

(a)    Defendants are informed and believe, and on that basis allege, that Plaintiffs, at the time they commenced this action, was, and still are, citizens of the State of Oregon.

(b)    Defendant PRM, at the time Plaintiff commenced this action, was, and still is, a corporation incorporated under the laws of Nevada, with its principal place of business located in Salt Lake City, Utah.

(c)    Defendant Scott M. Roberts is a citizen of the State of Oregon. However, the Court should disregard Mr. Robert's citizenship for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that he is a "fraudulently joined" defendant whose citizenship must be ignored for purposes of determining diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiffs' Complaint alleges three causes of action against Mr. Roberts: (1) intentional infliction of emotional distress ("IIED"); (2) intentional interference with economic relations ("IIER"); and (3) unjust enrichment. However, Plaintiffs have failed to plead necessary elements of each of these causes of action.

2-    NOTICE OF REMOVAL

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

68559-0001/LEGAL14391071.1

On their IIED claim, Plaintiffs have failed to allege, among other things, that Mr. Roberts engaged in "conduct extraordinarily beyond the bounds of socially tolerable behavior." *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995).

On their IIER claim, Plaintiffs have failed to allege, among other things, that Mr. Roberts was a "third party" to Plaintiffs' relationship with PRM. *McGanty v. Staudenraus*, 321 Or. at 538-43. In addition, while Plaintiffs make a conclusory allegation that Mr. Roberts interfered with "other potential employers" by "publishing false information regarding Plaintiffs' employment" (Complaint ¶ 46), Plaintiffs have failed to allege the necessary elements of an IIEC claim.

On their unjust enrichment claim, Plaintiffs have failed to allege that they conferred any benefit on Mr. Roberts, that he was aware of any such benefit which might have been conferred, or that circumstances exist which make it unjust for Mr. Roberts to retain any such benefit which might have been conferred without paying for it. *Volt Services Group v. Adecco Employment Services, Inc.*, 178 Or. App. 121, 133 (2001).

In short, Plaintiffs have not provided any genuine basis for imposing common law liability on Mr. Roberts in his individual capacity. Since Mr. Roberts has been "fraudulently joined" as a defendant, his citizenship should not factor into determining the proper jurisdiction for this case.

3. <u>Amount in Controversy</u>. The amount in controversy requirement is met because each Plaintiff alleges damages in excess of the $75,000 jurisdictional amount requirement.

DATED: June 23, 2008.

PERKINS COIE LLP

By _____
David P.R. Symes, OSB No. 96135
Telephone: (503) 727-2000

Attorneys for Defendants

3-  NOTICE OF REMOVAL

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

68559-0001/LEGAL14391071.1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Notice of Removal** on:

> Karen Read
> karenr@readlawyers.com
> 833 SW 11th Avenue, Suite 628
> Portland, OR 97205
> Fax: (503) 210-0477

> Attorney for Plaintiffs

by causing a full, true, and correct copy thereof, addressed to the last-known office address of the attorney (except when served by fax), to be sent by the following indicated method or methods, on the date set forth below:

| X | by **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the United States Postal Service at Portland, Oregon. |

| | by **hand-delivery.** |

| | by sending via **overnight courier** in a sealed prepaid envelope. |

| X | by **email transmission** to said attorneys at the email addresses set forth above. |

DATED: June 23, 2008.

PERKINS COIE LLP

By _____
David P.R. Symes, OSB No. 96135
DSymes@perkinscoie.com
Attorneys for Defendants

1-   CERTIFICATE OF SERVICE

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/30/2008
CT Log Number 513479471

**TO:**  Daryl Lee, Gen. Csl.
Primary Residential Mortgage, Inc.
4750 Wiley Post Way, Suite 200
Salt Lake City, UT 84116-2873

**RE:**  **Process Served in Oregon**

**FOR:**  Primary Residential Mortgage, Inc. (Domestic State: NV)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Margo McCoy and Jodi Whitton, etc., Pltfs. vs. Primary Residential Mortgage Inc., etc., and Scott M. Roberts, etc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons and Notice, Proof of Service Form, Complaint |
| **COURT/AGENCY:** | Multnomah County Circuit Court, OR<br>Case # 080507453 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Intentional Infliction of Emotional Distress - Intentional Interference with Economic Relations - Unjust Enrichment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 12:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Karen E. Read<br>3833 S.W. 11th Ave., Suite 628<br>Portland, OR 97205<br>503-243-4088 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790517290560 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Patricia McGriff |
| **ADDRESS:** | CT Corporation System<br>388 State Street, Suite 420<br>Salem, OR 97301 |
| **TELEPHONE:** | 503-566-6883 |

Page 1 of 1 / DW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT ___A___
PAGE ___1___

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

12:30
5-30-08

MARGO McCOY and JODI WHITTON also known as
JOANNE WHITTON, individually,

        Plaintiffs,

        vs.

PRIMARY RESIDENTIAL MORTGAGE,
a foreign corporation registered to do business in Oregon
also doing business as PRIMARY RESIDENTIAL MTG.
INC., SCOTT M. ROBERTS, individually,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:     0805-07453

**SUMMONS**

To:   PRIMARY RESIDENTIAL MORTGAGE dba PRIMARY RESIDENTIAL MTG
     c/o C T CORPORATION SYSTEM
     388 STATE ST STE 420
     SALEM, OR 97302

    You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiffs will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT:
### READ THESE PAPERS CAREFULLY!

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

    If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY FOR PLAINTIFF(S)    5/21/08
                                                Date

Karen E. Read                  OSB# 95390
ATTORNEY'S/AUTHOR'S NAME       BAR NO.

3833 S.W. 11th Ave., Suite 628
ADDRESS

Portland, OR  97205         (503) 243-4088
CITY   STATE  ZIP             PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE    BAR NO.

**********

STATE OF OREGON, County of Multnomah) ss.

    I, the undersigned attorney of record for plaintiff(s), certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

**********

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

LAW OFFICE OF KAREN **READ**
ATTORNEYS FOR PLAINTIFFS
833 S.W. 11th Ave., Suite 628
Portland, OR 97205
Telephone (503) 243-4088

ATTORNEYS FOR PLAINTIFF(S)

EXHIBIT _A_

PAGE _2_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

|  |  |
|---|---|
| MARGO McCOY and JODI WHITTON also known as JOANNE WHITTON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMARY RESIDENTIAL MORTGAGE, a foreign corporation registered to do business in Oregon also doing business as PRIMARY RESIDENTIAL MTG, INC.; SCOTT M. ROBERTS, individually,<br><br>Defendants. | Case No.   0805-07453<br><br>**COMPLAINT**<br><br>Wrongful Discharge in Violation of Public Policy; Intentional Infliction of Emotional Distress; Intentional Interference with Economic Relations; Unjust Enrichment<br><br>**(Not Subject to Mandatory Arbitration)**<br><br>DEMAND FOR JURY TRIAL |

For a claim for relief against Defendant, Plaintiffs hereby alleges as follows:

FACTUAL STATEMENT

1

At all material times, Plaintiff Margo McCoy was and is a citizen of the United States, residing in Washington County, Oregon.

2

At all material times, Plaintiff Jodi Whitton also known as Joanne Whitton (hereinafter "Ms. Whitton" or "Jodi Whitton") was and is a citizen of the United States, residing in Yamhill County, Oregon.

3

At all material times, defendant Primary Residential Mortgage and also doing

COMPLAINT - Page 1

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

**EXHIBIT** ___A___

**PAGE** ___3___

1    business under the assumed business name of "Primary Residential Mtg., Inc."(hereinafter

2    "PRM Utah") was a foreign corporation registered to do business in the State of Oregon and at

3    all material times were Plaintiffs' employer and conducted regular and sustained business

4    activity in Multnomah County, Oregon.

5                                              4

6           At all material times, defendant Scott M. Roberts (hereinafter "defendant

7    Roberts") was and is a citizen of the United States, residing in Yamhill County, Oregon. and an

8    authorized agent of and/or employed by PRM Utah and was, in substantial part, acting within

9    the scope of such agency and employment.  At all material times, PRM Utah was vicariously

10   liable for the acts of its agents and employees who were acting within the scope of their

11   employment.

12                                             5

13          Plaintiff McCoy was hired by PRM Utah on or about May 10, 2006 as a full time loan

14   officer.  Throughout her employment with PRM Utah, Plaintiff McCoy consistently performed

15   her work duties successfully, meeting or exceeding the requirements of her job position.

16                                             6

17          Plaintiff Whitton was hired by PRM Utah on or about August 10, 2005 as a full time

18   loan officer assistant, whose job responsibilities included identifying and referring potential

19   clients to defendant Roberts to finalize home loans, as well as undertaking marketing efforts for

20   the office with a $1,200 per month budget for said activities.  Throughout her employment with

21   PRM Utah, Plaintiff Whitton consistently performed her work duties successfully, meeting or

22   exceeding the requirements of her job position.

23                                             7

24          Prior to their employment, Plaintiffs were both promised substantial assistance from

25   defendants, through access to a database of names and contact information for potential clients.

26   COMPLAINT - Page 2

EXHIBIT  A
PAGE  4

1    Said assistance was never provided to plaintiffs even after plaintiffs' complaints while it was

2    given to other male employees.

3                                        8

4          Beginning in or around June, 2006, defendant Roberts, the Manager of PRM Utah's

5    Oregon offices, began engaging in harassing conduct against plaintiffs because of plaintiffs'

6    female gender.  In addition, defendant Roberts was engaging in harassing conduct against

7    Plaintiff Whitton because of her age and disability: Plaintiff Whitton was 56 years old in June

8    2006 and had left sided deficits, including extremely limited use of her left hand and arm due to

9    a stroke she had suffered in May, 2005.

10                                       9

11         Defendant Robert's harassing conduct towards plaintiffs included constant hostile,

12   bullying, and belittling comments to plaintiffs.  On occasion, these comments were said in the

13   presence of other employees—including at staff meetings.  Roberts regularly and

14   inappropriately engaged in hostile and demeaning verbal and sexist conduct towards plaintiffs.

15   This included comments about women's body parts, including referring to the breasts of a friend

16   of Plaintiff Whitton as "jugs" after a professional business meeting with this individual and the

17   "stupid" women vendors who were only hired because they were "hot."  Additionally, Plaintiff

18   Whitton was treated substantially worse than the much younger female employees.  Plaintiffs

19   resisted, opposed, and complained to Roberts about the above-described hostile and

20   discriminatory treatment that they were receiving.

21                                       10

22         On or about July, 2006, plaintiffs, along with other PRM employees were required to be

23   present for a golf function sponsored by defendants at the Portland Golf Club for its clients,

24   vendors and other colleagues.

25   / / /

26   COMPLAINT - Page 3

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT     A
PAGE       5

11

At this function, plaintiffs, were asked by defendant Roberts to hand out shirts to all attendees which were imprinted with a statement developed by defendant Roberts which had sexual connotation.

12

Defendant Roberts also brought and forced Plaintiff McCoy to hide and serve hard alcohol on the open golf course in violation of Course policy & city ordinance. Plaintiff Whitton also observed his providing and drinking alcohol on the open course. Plaintiffs objected to defendant Roberts, clearly indicating to him that his actions related to and at the golf function were inappropriate, possibly illegal, unwelcome and/or caused them extreme discomfort.

13

On another occasion, defendant Roberts' excessive drinking at a lunch meeting with a potential client referred by Plaintiff Whitton caused this individual to pull out of the deal because he didn't have confidence in a loan officer who would drink like that at lunch in front of a potential client. This individual was seeking financing for a mufti-million dollar, multiple dwelling purchase, from which Plaintiff Whitton would have been entitled to at least a 20% share of any commission earned by defendant Roberts had his behavior not made the potential client change his mind about doing business with Primary Residential Mortgage.

14

On several occasions, defendant Roberts demanded that plaintiffs wear ill fitting company shirts, even after they complained to Roberts that the shirts cut across plaintiffs' breasts making them feel obscene. When plaintiffs refused to wear the shirts to an industry wide training course, in plaintiffs' presence, defendant Roberts engaged in verbally demeaning and sexist conduct in front of another attendee who worked at a different company.

COMPLAINT - Page 4

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT ___A___

PAGE ___6___

15

The sexist, discriminatory, harassing, and hostile work environment escalated into the fall. To further discriminate and retaliate against plaintiffs, Roberts created a hostile work environment for plaintiffs by yelling at them and writing scathing emails to plaintiffs. The younger and/or male employees of PRM Utah were not subjected to this hostile work environment.

16

Shortly before her termination, Plaintiff Whitton complained to defendant Roberts that the clients she was referring to him were not being served adequately or in a timely fashion. Part of Plaintiff Whitton's income was dependent on defendant Robert's finalizing and closing loans on those clients referred to him by her. In one circumstance defendant Roberts refused to call back a potential client referred by Plaintiff Whitton and said client turned to another mortgage broker for his loan needs. When Plaintiff Whitton suggested that she refer these clients to Plaintiff McCoy, defendant flatly refused and the discriminatory, hostile, and harassing work environment became progressively worse for both plaintiffs in retaliation.

17

Plaintiff Whitton also complained to Roberts about not being reimbursed in a timely fashion for marketing related costs she had incurred on behalf of PRM Utah and in a fashion that had been agreed to by defendant Roberts. When Plaintiff Whitton was terminated, she was never paid for certain costs she incurred, even after she demanded reimbursement consistent with past practice.

18

Plaintiffs suffered extreme stress as a result of the discriminatory, retaliatory, and hostile work environment that they were forced to endure on a daily basis and missed work due to their stress.

COMPLAINT - Page 5

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT _A_

PAGE _7_

19

The discriminatory, hostile, and harassing work environment became progressively worse in retaliation to Plaintiffs' opposition to the above-described conduct. Plaintiffs were wrongfully terminated by Roberts on November 22, 2006 in retaliation for opposing the above-described conduct towards them.

20

At the time of her departure, Ms. McCoy was the highest performer in both of the offices owned and operated by defendant Roberts in Oregon.

21

Plaintiff McCoy was allowed to pick up some of her personal belongings, while others had already been removed from her office. Those items that were missing from her office have still not been returned despite written request that the company do so.

22

Defendant Roberts declined to reimburse Plaintiff Whitton for the business expenses incurred on behalf of defendants in the course of her employment with defendant PRM Utah.

23

There were no final paychecks prepared for plaintiffs, nor were they received until weeks after their termination.

24

As a direct and proximate cause of defendants' actions, plaintiffs have suffered and continue to suffer loss of earnings and have suffered emotional distress, anguish, humiliation, and embarrassment.

/ / /

/ / /

/ / /

COMPLAINT - Page 6

EXHIBIT    A

PAGE    8

**FIRST CLAIM FOR RELIEF**
**Wrongful Discharge in Violation of Public Policy**
**(Against PRM Utah)**

25

Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though fully set forth herein.

26

At all materials times, the public policy of the State of Oregon was to prohibit an employer from: 1) discriminating against employees because of sex and/or age; 2) discrimination, retaliation, and/or termination against an employee who reports, opposes, resists, and/or complains about an employer's discrimination based on sex and/or age; 3) discrimination, retaliation, and/or termination of an employee who reports, opposes, resists, and/or complains about illegal, unethical, fraudulent, and/or deceptive business practices; and 4) discrimination, retaliation, and/or termination of an employee who has makes complaints about unpaid wages. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting consumers from fraud, danger, and illegal conduct and including, but not limited to:  ORS 659A.030 et seq.;  OAR 839-005-0000 et seq.;  ORS 659A.230;  ORS 646.608 et seq.;  OAR 839-010-0100 et seq.; Banaitis v. Mitsubishi Bank, LTD, 129 Or App 371 (1994);  ORS 659A.865;  ORS 652.110 et seq.;  ORS 652.355;  ORS 653.060;  and OAR 839-020-0030 et seq.

27

PRM Utah, through its agents and/or employees, violated these public policies by retaliating against plaintiffs and by terminating plaintiffs' employment because plaintiffs reported, complained about, resisted, and/or opposed:  1) what they in good faith believed to be discrimination against them and/or other employees and vendors because of sex and/or age;  2) not receiving timely reimbursement for business related expenses;  and/or 3) what they in good

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT _A_
PAGE _9_

1  faith believed to be unlawful and/or criminal activity. The termination was unlawful and in

2  violation of the public policy of the State of Oregon.

3                                   28

4          Defendant's termination of plaintiffs was in retaliation for plaintiffs' pursuit and

5  exercise of plaintiffs' rights related to plaintiffs' roles as employees, which rights are of

6  important public interest.

7                                   29

8          As a direct and proximate result of Defendants' unlawful conduct, plaintiffs have

9  suffered emotional distress for which they each seek non-economic damages in a reasonable

10  amount to be determined by the jury and in an amount not to exceed $400,000 for each plaintiff.

11                                   30

12         Plaintiff McCoy has suffered and continues to suffer loss of earnings and other

13  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

14  $125,000, together with interest and the amounts necessary to offset the income tax

15  consequences of the award.

16                                   31

17         Plaintiff Whitton has suffered and continues to suffer loss of earnings and other

18  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

19  $240,000, together with interest and the amounts necessary to offset the income tax

20  consequences of the award.

21                                   32

22         Pursuant to ORS 20.107, Plaintiffs also request attorney fees and costs in an amount to

23  be proven at trial.

24                                   33

25         Plaintiffs also seek a permanent injunction enjoining Defendant from engaging in any

26  COMPLAINT - Page 8

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT    A
PAGE    10

1   employment practice which discriminates on the basis as alleged in this Complaint.

2                                        34

3       Plaintiffs place Defendant on notice of their intent to move the Court to amend this

4   Complaint to seek punitive damages at a later date and to seek all relevant financial documents

5   from Defendant.

6                           **SECOND CLAIM FOR RELIEF**
                       **Intentional Infliction of Emotional Distress**
7                              **(Against All Defendants)**

8                                        35

9       Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though

10  fully set forth herein.

11                                       36

12      Defendants' pattern of retaliation, harassment, abuse, discrimination, and eventual

13  termination was extreme and outrageous and constituted an extraordinary transgression of the

14  bounds of socially tolerable conduct.

15                                       37

16      Defendants' relationship with plaintiffs was a "special relationship."

17                                       38

18      Defendants acted intentionally to cause, or acted volitionally and were substantially

19  certain that the acts would cause, plaintiffs to suffer severe emotional distress and damages.

20                                       39

21      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have

22  suffered severe emotional distress for which they seek non-economic damages in a fair and just

23  amount to be determined by a jury and not to exceed $300,000.

24                                       40

25      Plaintiff McCoy has suffered and continues to suffer loss of earnings and other

26  COMPLAINT - Page 9

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT ___A___
PAGE ___11___

1  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

2  $125,000, together with interest and the amounts necessary to offset the income tax

3  consequences of the award.

4                                          41

5      Plaintiff Whitton has suffered and continues to suffer loss of earnings and other

6  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

7  $240,000, together with interest and the amounts necessary to offset the income tax

8  consequences of the award.

9                                          42

10     Plaintiffs also seek a permanent injunction enjoining Defendants from engaging in any

11  employment practice which discriminates on the basis as alleged in this Complaint.

12                                         43

13     Plaintiffs place Defendants on notice of their intent to move the Court to amend this

14  Complaint to seek punitive damages at a later date and to seek all relevant financial documents

15  from Defendants.

16              **THIRD CLAIM FOR RELIEF**
                **Intentional Interference with Economic Relations**
17                   **(Against All Defendants)**

18                                         44

19     Plaintiffs restate and incorporate by reference paragraphs 1-24, inclusive, as though fully

20  set forth herein.

21                                         45

22     The individual Defendants, individually and in concert, intentionally interfered with

23  Plaintiffs' employment pursuits with PRM Utah and others.  PRM Utah intentionally interfered

24  with Plaintiffs' employment pursuits with other employers.

25  ///

26  COMPLAINT - Page 10

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT ___A___
PAGE ___12___

<center>46</center>

The individual defendant Roberts, in interfering with Plaintiffs' employment pursuits with PRM Utah (including drinking in front of potential clients causing them not to pursue a deal with PRM Utah and failing to follow up with potential clients to close deals), was outside the scope of his employment. Both Defendants' interferences with Plaintiffs' relationship with other potential employers was in the form of publishing false information regarding Plaintiffs' employment. These interferences were accomplished through improper means and with improper purposes.

<center>47</center>

Defendants' actions caused interference and damage to Plaintiffs' reputation and employment opportunities with other employers and economic damages due to loss sales and other employment opportunities with PRM Utah.

<center>48</center>

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered severe emotional distress for which they seek non-economic damages in a fair and just amount to be determined by a jury and not to exceed $300,000.

<center>49</center>

Plaintiff McCoy has suffered and continues to suffer loss of earnings and other employment benefits and job opportunities in amounts to be proven at trial and not to exceed $125,000, together with interest and the amounts necessary to offset the income tax consequences of the award.

<center>50</center>

Plaintiff Whitton has suffered and continues to suffer loss of earnings and other employment benefits in amounts to be proven at trial and not to exceed $240,000 and additional damages in the amount of $100,000 for the loss of job opportunities, in the form of lost sales

COMPLAINT - Page 11

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT _A_

PAGE _13_

1    from the improper means and improper intentions of defendant Roberts, together with interest

2    and the amounts necessary to offset the income tax consequences of the award.

3                                               51

4        Plaintiffs also seek a permanent injunction enjoining Defendants from engaging in any

5    employment practice which discriminates on the basis as alleged in this Complaint.

6                                               52

7        Plaintiffs place Defendants on notice of their intent to move the Court to amend this

8    Complaint to seek punitive damages at a later date and to seek all relevant financial documents

9    from Defendants.

10                            **FOURTH CLAIM FOR RELIEF**
                                 **(Unjust Enrichment)**
11                               **(Against All Defendants)**

12                                              53

13       Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though

14   fully set forth herein.

15                                              54

16       As a result of the conduct described above, defendants have been and will be unjustly

17   enriched at the expense of Plaintiffs. Specifically, defendants' failure to reimburse plaintiffs for

18   personal property not returned and company costs as described above has unjustly enriched

19   defendants at an amount to be proven at trial.

20                                              55

21       Defendants should be required to disgorge this unjust enrichment.

22                               **JURY TRIAL DEMAND**

23       Plaintiffs demands a jury trial on all claims to the extent allowed under the law.

24   WHEREFORE, Plaintiffs requests the following judgments and relief according to proof:

25   ///

26   COMPLAINT - Page 12

EXHIBIT _A_

PAGE _14_

1     1.    Economic damages;

2     2.    Non-economic damages;

3     3.    Reasonable costs and attorney's fees;

4     4.    A permanent injunction enjoining Defendants from engaging in any employment

5 practice which discriminates on the basis as alleged in this Complaint;

6     5.    For prejudgment and post judgment interest as appropriate and allowed by law;

7     6    On all claims, as applicable, amounts necessary to offset the income tax

8 consequences of receiving a lump sum payment, rather than receiving payment of wages over

9 the applicable time frame;

10     7.    Upon motion, punitive damages; and

11     8.    All such other relief as this Court may deem proper.

12 DATED this 21st day of May, 2008.

Karen E. Read
OSB No. 95390
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone)
(503) 210-0477 (fax)
karenr@readlawyers.com

**Attorney for Plaintiffs**

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT _A_
PAGE _15_

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

MARGO McCOY and JODI WHITTON also known as ) Case No.
JOANNE WHITTON, individually, )
) 0805.07453
        Plaintiffs, )
) SUMMONS
    vs. )
)
PRIMARY RESIDENTIAL MORTGAGE, )
a foreign corporation registered to do business in Oregon )
also doing business as PRIMARY RESIDENTIAL MTG. )
INC.; SCOTT M. ROBERTS, individually, )
)
        Defendants. )

To:    SCOTT M. ROBERTS
       (at place of business) PRIMARY RESIDENTIAL MORTGAGE
       825 NE Evans St.
       McMinnville, OR 97128
       (503) 472-9899

       You are hereby required to appear and defend the complaint filed against you
thirty (30) days from the date of service of this summons upon you and in case of your
plaintiffs will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

       You must "appear" in this case or the other side will
win automatically.  To "appear" you must file with the court
a legal paper called a "motion" or "answer."  The "motion" or
"answer" must be given to the court clerk or administrator
within 30 days along with the required filing fee.  It must be
in proper form and have proof of service on the plaintiff's
attorney or, if the plaintiff does not have an attorney, proof
of service on the plaintiff.

If you have questions, you should see an attorney
immediately.  If you need help in finding an attorney, you
may call the Oregon State Bar's Lawyer Referral Service at
(503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY

Karen E. Read
ATTORNEY'S/AUTHOR'S

833 S.W. 11th Ave., Suite 6
ADDRESS

Portland, OR  97205
CITY    STATE  ZIP

TRIAL ATTORNEY IF

*********

STATE OF OREGON; County of Multnomah} ss.

       I, the undersigned attorney of record for plaintiff(s), certify that the foregoing
original summons in the above entitled action.

_Karen E. Read_
ATTORNEY OF RECORD

*********

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are h
this summons, together with a true copy of the complaint mailed therein
entity(ies) to whom or which this summons is directed, and to make proof of serv
separate similar document which you shall attach hereto.

**LAW OFFICE OF KAREN READ**
**ATTORNEYS FOR PLAINTIFFS**
833 S.W. 11th Ave., Suite 628
Portland, OR  97205
Telephone (503) 243-4088

_Karen E. Read_
ATTORNEYS FOR PL

EXHIBIT    B
PAGE    1

**PROOF OF SERVICE**

STATE OF_____          ) ss.

County of _____          )

      I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

**Personal Service Upon Individual(s)**

      Upon _____, by delivering such true copy to him/her, personally and in person, at , on _____, 20__, at _____ o'clock __.m.

**Substituted Service Upon Individual(s)\*\***

      Upon _____, by delivering such true copy to his/her dwelling house or usual place of abode, to-wit: , to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 20__, at _____ o'clock __.m.

      Upon _____, by delivering such true copy to his/her dwelling house or usual place of abode, to-wit: , to _____, who is a person over the age of 14 years and a member of the household of the person served on _____, 20__, at _____ o'clock __.m.

**Office Service Upon Individual(s)\*\***

      Upon _____, at the office which he/she maintains for the conduct of business as _____, by leaving such true copy with _____, the person who is apparently in charge, on _____, 20__, during normal working hours, at to-wit:_____ o'clock __.m.

**Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name**

      Upon _____, by
      (NAME OF CORPORATION, LIMITED PARTNERSHIP, ETC.)

     (a)    delivering such true copy, personally and in person, to _____ who is a/the \* thereof; OR

     (b)    leaving such true copy with _____, the person who is apparently in charge of the office of , who is a/the \*_____ thereof;

      \*Specify registered agent, officer (by title), director, general partner, managing agent.

at _____, on _____, 20__, at _____ o'clock, __.m.

DATED_____, 20__.

          _____
                     SHERIFF

      By_____
                     DEPUTY

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

DATED_____, 20__.

_____
                    SIGNATURE
_____
          TYPE OR PRINT NAME
_____
                    ADDRESS
Phone_____

The signature lines on the left should be used only by an Oregon county sheriff or deputy; all other servers complete certificate on the right. The Proof of Service above contains most, but not all, of the methods of service. For example, this form does not include proof of service on a minor or incompetent person. See ORCP 7D.(2) and 7D.(3) for complete service methods on particular parties. \*\*Where substituted or office service is used, the plaintiff, as soon as reasonably possible, shall cause to be mailed a true cop of the summons and complaint to the defendant at the defendant's dwelling house or usual place of abode, together with a statement of the time, date and place at which such service was made. Use S-N Form No. 1149 or equivalent.

EXHIBIT _B_

PAGE _2_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MARGO McCOY and JODI WHITTON also known as JOANNE WHITTON, individually, <br><br>                         Plaintiffs, <br><br>         v. <br><br> PRIMARY RESIDENTIAL MORTGAGE, a foreign corporation registered to do business in Oregon also doing business as PRIMARY RESIDENTIAL MTG, INC.; SCOTT M. ROBERTS, individually, <br><br>                     Defendants. | Case No.      0805-07453 <br><br> **COMPLAINT** <br><br> Wrongful Discharge in Violation of Public Policy; Intentional Infliction of Emotional Distress; Intentional Interference with Economic Relations; Unjust Enrichment <br><br> **(Not Subject to Mandatory Arbitration)** <br><br> DEMAND FOR JURY TRIAL |

For a claim for relief against Defendant, Plaintiffs hereby alleges as follows:

FACTUAL STATEMENT

1

At all material times, Plaintiff Margo McCoy was and is a citizen of the United States, residing in Washington County, Oregon.

2

At all material times, Plaintiff Jodi Whitton also known as Joanne Whitton (hereinafter "Ms. Whitton" or "Jodi Whitton") was and is a citizen of the United States, residing in Yamhill County, Oregon.

3

At all material times, defendant Primary Residential Mortgage and also doing

COMPLAINT - Page 1

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4086 (phone); (503) 210-0477 (fax)

EXHIBIT _B_

PAGE _3_

1   business under the assumed business name of "Primary Residential Mtg., Inc."(hereinafter

2   "PRM Utah") was a foreign corporation registered to do business in the State of Oregon and at

3   all material times were Plaintiffs' employer and conducted regular and sustained business

4   activity in Multnomah County, Oregon.

5                                              4

6          At all material times, defendant Scott M. Roberts (hereinafter "defendant

7   Roberts") was and is a citizen of the United States, residing in Yamhill County, Oregon, and an

8   authorized agent of and/or employed by PRM Utah and was, in substantial part, acting within

9   the scope of such agency and employment.  At all material times, PRM Utah was vicariously

10  liable for the acts of its agents and employees who were acting within the scope of their

11  employment.

12                                             5

13         Plaintiff McCoy was hired by PRM Utah on or about May 10, 2006 as a full time loan

14  officer.  Throughout her employment with PRM Utah, Plaintiff McCoy consistently performed

15  her work duties successfully, meeting or exceeding the requirements of her job position.

16                                             6

17         Plaintiff Whitton was hired by PRM Utah on or about August 10, 2005 as a full time

18  loan officer assistant, whose job responsibilities included identifying and referring potential

19  clients to defendant Roberts to finalize home loans, as well as undertaking marketing efforts for

20  the office with a $1,200 per month budget for said activities.  Throughout her employment with

21  PRM Utah, Plaintiff Whitton consistently performed her work duties successfully, meeting or

22  exceeding the requirements of her job position.

23                                             7

24         Prior to their employment, Plaintiffs were both promised substantial assistance from

25  defendants, through access to a database of names and contact information for potential clients.

26

COMPLAINT - Page 2

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4068 (phone); (503) 210-0477 (fax)

EXHIBIT _____ B
PAGE _____ 4

1  Said assistance was never provided to plaintiffs even after plaintiffs' complaints while it was

2  given to other male employees.

3                                                                 8

4       Beginning in or around June, 2006, defendant Roberts, the Manager of PRM Utah's

5  Oregon offices, began engaging in harassing conduct against plaintiffs because of plaintiffs'

6  female gender.  In addition, defendant Roberts was engaging in harassing conduct against

7  Plaintiff Whitton because of her age and disability: Plaintiff Whitton was 56 years old in June

8  2006 and had left sided deficits, including extremely limited use of her left hand and arm due to

9  a stroke she had suffered in May, 2005.

10                                                                9

11       Defendant Robert's harassing conduct towards plaintiffs included constant hostile,

12  bullying, and belittling comments to plaintiffs.  On occasion, these comments were said in the

13  presence of other employees—including at staff meetings.  Roberts regularly and

14  inappropriately engaged in hostile and demeaning verbal and sexist conduct towards plaintiffs.

15  This included comments about women's body parts, including referring to the breasts of a friend

16  of Plaintiff Whitton as "jugs" after a professional business meeting with this individual and the

17  "stupid" women vendors who were only hired because they were "hot."  Additionally, Plaintiff

18  Whitton was treated substantially worse than the much younger female employees.  Plaintiffs

19  resisted, opposed, and complained to Roberts about the above-described hostile and

20  discriminatory treatment that they were receiving.

21                                                               10

22       On or about July, 2006, plaintiffs, along with other PRM employees were required to be

23  present for a golf function sponsored by defendants at the Portland Golf Club for its clients,

24  vendors and other colleagues.

25  / / /

26  COMPLAINT - Page 3

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT  B
PAGE  5

11

2      At this function, plaintiffs, were asked by defendant Roberts to hand out shirts to all

3  attendees which were imprinted with a statement developed by defendant Roberts which had

4  sexual connotation.

12

6      Defendant Roberts also brought and forced Plaintiff McCoy to hide and serve hard

7  alcohol on the open golf course in violation of Course policy & city ordinance.  Plaintiff

8  Whitton also observed his providing and drinking alcohol on the open course.  Plaintiffs

9  objected to defendant Roberts, clearly indicating to him that his actions related to and at the golf

10  function were inappropriate, possibly illegal, unwelcome and/or caused them extreme

11  discomfort.

12

13      On another occasion, defendant Roberts' excessive drinking at a lunch meeting with a

14  potential client referred by Plaintiff Whitton caused this individual to pull out of the deal

15  because he didn't have confidence in a loan officer who would drink like that at lunch in front

16  of a potential client.  This individual was seeking financing for a mufti-million dollar, multiple

17  dwelling purchase, from which Plaintiff Whitton would have been entitled to at least a 20%

18  share of any commission earned by defendant Roberts had his behavior not made the potential

19  client change his mind about doing business with Primary Residential Mortgage.

14

21      On several occasions, defendant Roberts demanded that plaintiffs wear ill fitting

22  company shirts, even after they complained to Roberts that the shirts cut across plaintiffs'

23  breasts making them feel obscene.  When plaintiffs refused to wear the shirts to an industry

24  wide training course, in plaintiffs' presence, defendant Roberts engaged in verbally demeaning

25  and sexist conduct in front of another attendee who worked at a different company.

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4086 (phone); (503) 210-0477 (fax)

EXHIBIT ___B___

PAGE ___6___

15

The sexist, discriminatory, harassing, and hostile work environment escalated into the fall. To further discriminate and retaliate against plaintiffs, Roberts created a hostile work environment for plaintiffs by yelling at them and writing scathing emails to plaintiffs. The younger and/or male employees of PRM Utah were not subjected to this hostile work environment.

16

Shortly before her termination, Plaintiff Whitton complained to defendant Roberts that the clients she was referring to him were not being served adequately or in a timely fashion. Part of Plaintiff Whitton's income was dependent on defendant Robert's finalizing and closing loans on those clients referred to him by her. In one circumstance defendant Roberts refused to call back a potential client referred by Plaintiff Whitton and said client turned to another mortgage broker for his loan needs. When Plaintiff Whitton suggested that she refer these clients to Plaintiff McCoy, defendant flatly refused and the discriminatory, hostile, and harassing work environment became progressively worse for both plaintiffs in retaliation.

17

Plaintiff Whitton also complained to Roberts about not being reimbursed in a timely fashion for marketing related costs she had incurred on behalf of PRM Utah and in a fashion that had been agreed to by defendant Roberts. When Plaintiff Whitton was terminated, she was never paid for certain costs she incurred, even after she demanded reimbursement consistent with past practice.

18

Plaintiffs suffered extreme stress as a result of the discriminatory, retaliatory, and hostile work environment that they were forced to endure on a daily basis and missed work due to their stress.

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT B
PAGE 7

19

The discriminatory, hostile, and harassing work environment became progressively worse in retaliation to Plaintiffs' opposition to the above-described conduct. Plaintiffs were wrongfully terminated by Roberts on November 22, 2006 in retaliation for opposing the above-described conduct towards them.

20

At the time of her departure, Ms. McCoy was the highest performer in both of the offices owned and operated by defendant Roberts in Oregon.

21

Plaintiff McCoy was allowed to pick up some of her personal belongings, while others had already been removed from her office. Those items that were missing from her office have still not been returned despite written request that the company do so.

22

Defendant Roberts declined to reimburse Plaintiff Whitton for the business expenses incurred on behalf of defendants in the course of her employment with defendant PRM Utah.

23

There were no final paychecks prepared for plaintiffs, nor were they received until weeks after their termination.

24

As a direct and proximate cause of defendants' actions, plaintiffs have suffered and continue to suffer loss of earnings and have suffered emotional distress, anguish, humiliation, and embarrassment.

/ / /

/ / /

/ / /

COMPLAINT - Page 6

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT B
PAGE 8

## FIRST CLAIM FOR RELIEF
### Wrongful Discharge in Violation of Public Policy
### (Against PRM Utah)

25

Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though fully set forth herein.

26

At all materials times, the public policy of the State of Oregon was to prohibit an employer from:  1)  discriminating against employees because of sex and/or age;  2) discrimination, retaliation, and/or termination against an employee who reports, opposes, resists, and/or complains about an employer's discrimination based on sex and/or age;  3) discrimination, retaliation, and/or termination of an employee who reports, opposes, resists, and/or complains about illegal, unethical, fraudulent, and/or deceptive business practices;  and 4)  discrimination, retaliation, and/or termination of an employee who has makes complaints about unpaid wages.  This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting consumers from fraud, danger, and illegal conduct and including, but not limited to:  ORS 659A.030 et seq.;  OAR 839-005-0000 et seq.;  ORS 659A.230;  ORS 646.608 et seq.;  OAR 839-010-0100 et seq.; Banaitis v. Mitsubishi Bank, LTD, 129 Or App 371 (1994);  ORS 659A.865;  ORS 652.110 et seq.;  ORS 652.355;  ORS 653.060;  and OAR 839-020-0030 et seq.

27

PRM Utah, through its agents and/or employees, violated these public policies by retaliating against plaintiffs and by terminating plaintiffs' employment because plaintiffs reported, complained about, resisted, and/or opposed:  1)  what they in good faith believed to be discrimination against them and/or other employees and vendors because of sex and/or age;  2) not receiving timely reimbursement for business related expenses;  and/or 3)  what they in good

COMPLAINT - Page 7

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4086 (phone); (503) 210-0477 (fax)

EXHIBIT B
PAGE 9

1   faith believed to be unlawful and/or criminal activity. The termination was unlawful and in

2   violation of the public policy of the State of Oregon.

3                       28

4       Defendant's termination of plaintiffs was in retaliation for plaintiffs' pursuit and

5   exercise of plaintiffs' rights related to plaintiffs' roles as employees, which rights are of

6   important public interest.

7                       29

8       As a direct and proximate result of Defendants' unlawful conduct, plaintiffs have

9   suffered emotional distress for which they each seek non-economic damages in a reasonable

10   amount to be determined by the jury and in an amount not to exceed $400,000 for each plaintiff.

11                       30

12       Plaintiff McCoy has suffered and continues to suffer loss of earnings and other

13   employment benefits and job opportunities in amounts to be proven at trial and not to exceed

14   $125.000, together with interest and the amounts necessary to offset the income tax

15   consequences of the award.

16                       31

17       Plaintiff Whitton has suffered and continues to suffer loss of earnings and other

18   employment benefits and job opportunities in amounts to be proven at trial and not to exceed

19   $240,000, together with interest and the amounts necessary to offset the income tax

20   consequences of the award.

21                       32

22       Pursuant to ORS 20.107, Plaintiffs also request attorney fees and costs in an amount to

23   be proven at trial.

24                       33

25       Plaintiffs also seek a permanent injunction enjoining Defendant from engaging in any

26

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT _B_

PAGE _10_

1  employment practice which discriminates on the basis as alleged in this Complaint.

2                                         34

3       Plaintiffs place Defendant on notice of their intent to move the Court to amend this

4  Complaint to seek punitive damages at a later date and to seek all relevant financial documents

5  from Defendant.

6                          **SECOND CLAIM FOR RELIEF**
                     **Intentional Infliction of Emotional Distress**
7                            **(Against All Defendants)**

8                                         35

9       Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though

10  fully set forth herein.

11                                        36

12      Defendants' pattern of retaliation, harassment, abuse, discrimination, and eventual

13  termination was extreme and outrageous and constituted an extraordinary transgression of the

14  bounds of socially tolerable conduct.

15                                        37

16      Defendants' relationship with plaintiffs was a "special relationship."

17                                        38

18      Defendants acted intentionally to cause, or acted volitionally and were substantially

19  certain that the acts would cause, plaintiffs to suffer severe emotional distress and damages.

20                                        39

21      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have

22  suffered severe emotional distress for which they seek non-economic damages in a fair and just

23  amount to be determined by a jury and not to exceed $300,000.

24                                        40

25      Plaintiff McCoy has suffered and continues to suffer loss of earnings and other

26  COMPLAINT - Page 9

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT    B
PAGE      11

1  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

2  $125,000, together with interest and the amounts necessary to offset the income tax

3  consequences of the award.

4  <center>41</center>

5      Plaintiff Whitton has suffered and continues to suffer loss of earnings and other

6  employment benefits and job opportunities in amounts to be proven at trial and not to exceed

7  $240,000, together with interest and the amounts necessary to offset the income tax

8  consequences of the award.

9  <center>42</center>

10      Plaintiffs also seek a permanent injunction enjoining Defendants from engaging in any

11  employment practice which discriminates on the basis as alleged in this Complaint.

12  <center>43</center>

13      Plaintiffs place Defendants on notice of their intent to move the Court to amend this

14  Complaint to seek punitive damages at a later date and to seek all relevant financial documents

15  from Defendants.

16  <center>**THIRD CLAIM FOR RELIEF**
**Intentional Interference with Economic Relations**</center>

17  <center>**(Against All Defendants)**</center>

18  <center>44</center>

19      Plaintiffs restate and incorporate by reference paragraphs 1-24, inclusive, as though fully

20  set forth herein.

21  <center>45</center>

22      The individual Defendants, individually and in concert, intentionally interfered with

23  Plaintiffs' employment pursuits with PRM Utah and others.  PRM Utah intentionally interfered

24  with Plaintiffs' employment pursuits with other employers.

25  ///

26  COMPLAINT - Page 10

EXHIBIT B
PAGE 12

46

The individual defendant Roberts, in interfering with Plaintiffs' employment pursuits with PRM Utah (including drinking in front of potential clients causing them not to pursue a deal with PRM Utah and failing to follow up with potential clients to close deals), was outside the scope of his employment. Both Defendants' interferences with Plaintiffs' relationship with other potential employers was in the form of publishing false information regarding Plaintiffs' employment. These interferences were accomplished through improper means and with improper purposes.

47

Defendants' actions caused interference and damage to Plaintiffs' reputation and employment opportunities with other employers and economic damages due to loss sales and other employment opportunities with PRM Utah.

48

As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered severe emotional distress for which they seek non-economic damages in a fair and just amount to be determined by a jury and not to exceed $300,000.

49

Plaintiff McCoy has suffered and continues to suffer loss of earnings and other employment benefits and job opportunities in amounts to be proven at trial and not to exceed $125,000, together with interest and the amounts necessary to offset the income tax consequences of the award.

50

Plaintiff Whitton has suffered and continues to suffer loss of earnings and other employment benefits in amounts to be proven at trial and not to exceed $240,000 and additional damages in the amount of $100,000 for the loss of job opportunities, in the form of lost sales

COMPLAINT - Page 11

EXHIBIT B
PAGE 13

1    from the improper means and improper intentions of defendant Roberts, together with interest

2    and the amounts necessary to offset the income tax consequences of the award.

3                                51

4       Plaintiffs also seek a permanent injunction enjoining Defendants from engaging in any

5    employment practice which discriminates on the basis as alleged in this Complaint.

6                                52

7       Plaintiffs place Defendants on notice of their intent to move the Court to amend this

8    Complaint to seek punitive damages at a later date and to seek all relevant financial documents

9    from Defendants.

### FOURTH CLAIM FOR RELIEF
#### (Unjust Enrichment)
#### (Against All Defendants)

10

11

12                                53

13       Plaintiffs restate and incorporate by reference paragraphs 1 - 24, inclusive, as though

14    fully set forth herein.

15                                54

16       As a result of the conduct described above, defendants have been and will be unjustly

17    enriched at the expense of Plaintiffs. Specifically, defendants' failure to reimburse plaintiffs for

18    personal property not returned and company costs as described above has unjustly enriched

19    defendants at an amount to be proven at trial.

20                                55

21       Defendants should be required to disgorge this unjust enrichment.

### JURY TRIAL DEMAND

23       Plaintiffs demands a jury trial on all claims to the extent allowed under the law.

24    WHEREFORE. Plaintiffs requests the following judgments and relief according to proof:

25    / / /

26    COMPLAINT - Page 12

EXHIBIT   B
PAGE   14

1.    Economic damages;

2.    Non-economic damages;

3.    Reasonable costs and attorney's fees;

4.    A permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the basis as alleged in this Complaint;

5.    For prejudgment and post judgment interest as appropriate and allowed by law;

6.    On all claims. as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

7.    Upon motion, punitive damages; and

8.    All such other relief as this Court may deem proper.

DATED this 21st day of May, 2008.


Karen E. Read
OSB No. 95390
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone)
(503) 210-0477 (fax)
karenr@readlawyers.com

**Attorney for Plaintiffs**

COMPLAINT - Page 13

LAW OFFICE OF KAREN READ
833 S.W. 11th Avenue, Suite 628
Portland, OR 97205
(503) 243-4088 (phone); (503) 210-0477 (fax)

EXHIBIT    B
PAGE    15