IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARGO McCOY and JODI WHITTON,　　　　　　　　　　Civ. No. 08-758-AA
aka JOANNE WHITTON, individually,　　　　　　　OPINION AND ORDER

　　　　　Plaintiff,

　　v.

PRIMARY RESIDENTIAL MORTGAGE, a
foreign corporation registered to
do business in Oregon also doing
business as PRIMARY RESIDENTIAL
MTG, INC., and SCOTT ROBERTS,
individually,

　　　　　Defendants.
_____

AIKEN, Judge:

　　　Before the court is defendants' motion to dismiss. Defendants seek to dismiss all claims against individual defendant Scott Roberts, arguing that he was fraudulently joined as a defendant. Absent Roberts' presence as a defendant in this action, defendants claim subject matter jurisdiction based on diversity of

1　　- OPINION AND ORDER

citizenship. For the reasons explained below, the motion is denied and the case remanded to state court.

## DISCUSSION

Plaintiffs are citizens of the State of Oregon. On or about May 21, 2008 they filed suit in state court alleging wrongful discharge against their employer, defendant Primary Residential Mortgage (PRM), and intentional infliction of emotional distress, intentional interference with economic relations, and unjust enrichment against both PRM and Roberts, their manager/supervisor. Defendants removed the case to federal court on grounds of diversity jurisdiction, despite the fact that Roberts is an Oregon citizen, and filed a contemporaneous motion to dismiss all claims against Roberts. Defendants claim that diversity jurisdiction exists between plaintiffs and PRM, and that Roberts' citizenship does not destroy diversity, because he was fraudulently joined as a defendant. Notably, plaintiffs did not respond to defendants' notice of removal or to their motion to dismiss. Regardless, the court has an independent duty to establish subject matter jurisdiction. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004); Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

Diversity jurisdiction requires complete diversity of citizenship between each plaintiff and each defendant. See 28

2   - OPINION AND ORDER

U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004). However, if a non-diverse defendant has been "fraudulently joined," the party's presence does not inform the court's determination of diversity. United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Defendants must establish fraudulent joinder "by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Fraudulent joinder does not necessarily involve "fraud" as the term is commonly understood; rather, "[f]raudulent joinder is a term of art." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). A non-diverse defendant is deemed fraudulently joined if the plaintiff fails to state a cause of action against that defendant and such failure is "obvious according to the settled rules of the state." Id.; Morris, 236 F.3d at 1067. While courts normally "look only to a plaintiff's pleadings to determine removability," where fraudulent joinder is alleged, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F3d 1313, 1318 (9th Cir. 1998) (quotation marks and citations omitted). If doubt remains whether the complaint states a cause of action, it is resolved in favor of

3    - OPINION AND ORDER

remanding the case to state court. Smith v. Southern Pac. Co., 187 F.2d 397, 400 (9th Cir. 1951).

Here, defendants do not submit facts outside the pleadings to show fraudulent joinder of Roberts. Instead, defendants move for dismissal and argue that plaintiffs' complaint fails to state a claim. Accordingly, the court proceeds under Federal Rule of Civil Procedure 12(b)(6) to determine whether plaintiffs' complaint sufficiently alleges cognizable claims against Roberts. Under Rule 12(b)(6), "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).

Plaintiffs first assert intentional infliction of emotional distress (IIED) against Roberts. To establish a claim for IIED, a plaintiff must show that: 1) defendant intended to cause plaintiff severe emotional distress or knew with substantial certainty that the conduct would cause such distress; 2) defendant's conduct extraordinarily transgressed the bounds of socially acceptable behavior; and 3) plaintiff in fact suffered severe emotional distress. McGanty v. Staudenraus, 321 Or. 532, 543, 550-51, 901 P.2d 841 (1995); Checkley v. Boyd, 198 Or. App. 110, 124, 107 P.3d

4    - OPINION AND ORDER

651 (2005). Defendants argue that plaintiffs fail to allege sufficiently outrageous conduct by Roberts.

Oregon court are reluctant to impose liability for IIED in employment settings; termination of an employee, even if wrongfully motivated, generally does not transgress the bounds of socially tolerable behavior. Madani v. Kendall Ford Inc., 312 Or. 198, 205-06, 818 P.2d 930 (1991), abrogated on other grounds by McGanty, 321 Or. at 544, 901 P.2d at 849; Patton v. J.C. Penney Co., 301 Or. 117, 122-23, 719 P.2d 854 (1986); Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479 (1992). Likewise, behavior that is merely "rude, boorish, tyrannical, churlish, and mean" does not establish liability for IIED. Patton, 301 Or. at 124, 719 P.2d 854; Hetfeld v. Bostwick, 136 Or. App. 305, 308, 901 P.2d 986 (1995) (the tort of IIED "does not provide recovery for the kind of temporary annoyance or injured feelings that can result from friction and rudeness among people in day-to-day life").

However, Oregon courts have allowed IIED claims against employers and/or supervisors when based upon alleged sexual and racial discrimination. See, e.g., Harris v. Pameco Corp., 170 Or. App. 164, 170-71, 12 P.3d 523 (2000) (alleging that the plaintiff was subjected to repeated and unwelcome physical touching and hostile comments by supervisor); Whelan v. Albertson's, Inc., 129 Or. App. 501, 505-06, 879 P.2d 888 (1994) (alleging that plaintiff, a male security guard, was subjected to repeated taunts of "queer"

5    - OPINION AND ORDER

and "Serge" in front of customers and co-workers); <u>Lathrope-Olson v. Oregon Dep't. of Transp.</u>, 128 Or. App. 405, 408, 876 P.2d 345 (1994) (alleging that supervisor of a Native American woman called her a "squaw" who was supposed to "walk behind her man," said that "all women were good for was between their legs," threatened to push her in front of oncoming vehicles, and repeatedly locked her out of the crew van in inclement weather); <u>Palmer v. Bi-Mart Co., Inc.</u>, 92 Or. App. 470, 472, 758 P.2d 888 (1988) (alleging that supervisor engaged in a course of verbal abuse and sexually harassing notes).

    Here, plaintiffs allege that Roberts repeatedly subjected them to inappropriate and demeaning sexual remarks - including comments about women's body parts - in front co-workers; made inappropriate, sexual remarks at business meetings; asked plaintiffs to distribute t-shirts containing a sexual connotation to their clients at a PRM-sponsored golf event; required them to wear ill-fitting t-shirts at another work-related event and engaged in belittling and sexist comments in front of others when they refused to wear the shirts. Plaintiffs further allege that Roberts retaliated against them for complaining about his behavior and created a hostile work environment. Finally, plaintiffs allege that they suffered severe emotional distress as a result of Roberts' conduct.

    Given the context and content of Roberts' alleged behavior, it is not "obvious" under settled Oregon law that plaintiffs cannot

6    - OPINION AND ORDER

prove any set of facts consistent with their allegations in support of their IIED claims. The cases cited by defendants are not to the contrary. In <u>Carlson v. Crater Lake Lumber Co.</u>, 103 Or. App. 190, 196-97, 796 P.2d 1216 (1990), the Oregon Court of Appeals upheld the grant of summary judgment on an IIED claim against the corporate employer (not the individual alleged to have engaged in sexual harassment) based on the employer's alleged retaliation against the relatives of an employee who resisted sexual harassment. Likewise, in <u>Cantua v. Creager</u>, 169 Or. App. 81, 95, 7 P.3d 693 (2000), the Court of Appeals upheld the directed verdict on an IIED claim, finding that the plaintiff "did not provide sufficient detail about the incidents of unwanted touching and other sexual conduct to allow a reasonable factfinder to decide that the conduct was so extreme as to warrant imposition of liability for severe emotional distress." Finally, in <u>Clemons v. Nike</u>, 2007 WL 2890972, *10-12 (D. Or. Sept. 28, 2007), the district court granted summary judgment on an IIED claim that did not involve allegations of sexual harassment. None of these cases addressed the sufficiency of a claim at the pleading stage, and all involved distinguishable facts.

It may be that plaintiffs' IIED claims will not withstand summary judgment or ultimately succeed. However, that is not the question before the court at this stage of the proceedings. Therefore, I find that defendants fail to meet their burden of

establishing fraudulent joinder of Roberts, and his citizenship precludes jurisdiction based on diversity of citizenship. As no other basis exists to assert subject matter jurisdiction, remand is appropriate.

## CONCLUSION

Accordingly, defendants' Motion to Dismiss (doc. 4) is DENIED, and this action is REMANDED to the Circuit Court of Oregon for the County of Multnomah.

IT IS SO ORDERED.

Dated this  25  day of September, 2008.


            /s/   Ann Aiken            
                  Ann Aiken
          United States District Judge

8    - OPINION AND ORDER